UNITED STATES FIDELITY & GUARANTY Co. *v.* RICE, ATTORNEY-GENERAL.

(Division A. Feb. 26, 1934.)

[152 So. 832. No. 31093.]

**U. B. Parker,** of Wiggins, and **J. A. Covington, Jr.,** of Meridian, for appellant.

Wm. H. Maynard, Assistant Attorney-General, of Jackson, and J. W. Savage, of Gulfport, for appellee.

Argued orally by **U. B. Parker**, for appellant, and by **Wm. H. Maynard**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This suit was filed in the circuit court of Stone county by the Attorney-General against the Co-operative Home Oil Company, domiciled at McHenry, in Stone county, Miss., and the United States Fidelity & Guaranty Company, surety on its bond filed with the state auditor as required by section 4, chapter 21, Laws of 1928, Extraordinary Session, seeking to collect the sum of two thousand, five hundred eleven dollars and seventy-seven cents, representing the two cents per gallon sea-wall tax on gasoline sold in Harrison county, and a penalty of twenty-five per cent. on the amount alleged to be due. As exhibits to the declaration, there were filed copies of the bond executed by the appellant and of the order of the board of supervisors of Harrison county levying a sea-wall tax. The bond contained the following recitations:

"Whereas, the said principal has applied to the Auditor of Public Accounts for a permit to engage in the business as distributor or wholesaler of gasoline in the State of Mississippi, under section 4, chapter 21, Laws of 1928, as passed by the 1928 Extraordinary Session of the Legislature of the State of Mississippi, or any succeeding law that may come into effect;

"Now, therefore, the condition of this obligation is such that if the said principal, Licensee, shall fully comply with the law above referred to pertaining to distributors or wholesale dealers of gasoline and pay all excise taxes and penalties provided for or required by said Act or Acts, for the period of one year from July 8th, 1930, the date of the issuance of said permit, this obligation to be void, otherwise to remain in full force and effect."

The order of the board of supervisors of Harrison county, which was adopted on December 12, 1925, re-

cites in part as follows: "That by virtue of Chapter 319, Laws of 1924, an excise tax of Two Cents per gallon on gasoline hereafter sold in or shipped into Harrison county, Mississippi, for sale in said county, be and the same is hereby levied and shall be collected as provided in said Act and in Chapter 116 of the Laws of 1922 and the amendments thereof."

To the declaration the defendant Co-operative Home Oil Company entered no appearance, and a judgment by default was entered against it, from which no appeal was prosecuted. The United States Fidelity & Guaranty Company filed a demurrer to the declaration, which was overruled. It declined to plead further, and a final judgment was entered against it, from which this appeal was prosecuted.

A tax on gasoline was first imposed in this state by chapter 116, Laws of 1922, which levied a tax of one cent per gallon on gasoline distributed, but did not provide for any bond to guarantee the collection thereof. Chapter 115, Laws of 1924, amended chapter 116, Laws of 1922, by increasing the gasoline tax to three cents per gallon, but required no bond of wholesalers or distributors. In the Laws of 1924 there also appears the first authorization of a sea-wall tax. This is found in chapter 319, Laws of 1924, section 1 of which provides: "That whenever any public road, street or highway shall extend along the beach or shore of any body of tidewater, and such road, street or highway, or any part thereof, shall be exposed to, subject to, or in danger of, damage by water driven against the shore by storms, and is not protected in any sea wall district, the boards of supervisors shall have the power, and it is hereby made their duty, to erect and maintain all necessary sea walls, break-waters, bulkheads, sloping beach, or other necessary device to protect and preserve such roads, streets and highways, and for that purpose, and for the purpose of constructing or improving such highway, may issue the bonds of the county therefor."

Section 9 of this act of 1924 provides, in part, as follows: "In all counties where boards of supervisors issue bonds of the county under this chapter an excise tax of not exceeding two cents per gallon, in addition to any such tax levied and collected by the state in such counties, for the sale of gasoline, naphtha, alcohol, or other fuel or substance ordinarily used for the operation of automobiles or other vehicles and machines operated by motor power may be collected by such counties, such collection to be made at the time and in the manner provided for the collection of such like tax levied under chapter 116, Laws of 1922, or amendments thereto, or other laws providing for the collection of such tax."

Section 9 of said chapter 319, Laws of 1924, was amended in some immaterial respects by chapter 19, Laws of 1928, while chapter 198, Laws of 1928, changed the existing manner of determining the excise tax on the sale and use of gasoline, provided for the granting of permits to distributors and wholesale dealers, and for the first time provided for a bond to be executed by distributors and wholesalers upon the granting of such permits.

Chapter 21, Laws of 1928, Extraordinary Session, repealed chapter 198, Laws of 1928, and levied an excise tax of five cents per gallon on all gasoline received in the state for sale or use on the streets and highways, and provided a complete scheme for the determination of the amount of the tax, and the payment and collection thereof. By section 4 of this act it was required that a permit to engage in business as a distributor or wholesale dealer of gasoline should only be granted upon the applicant executing a surety bond, payable to the state of Mississippi, in a sum of not less than three thousand dollars, nor more than twenty-five thousand dollars, the amount thereof to be determined in the manner therein provided, conditioned as follows: "Said bond to be conditioned that the licensee will fully comply with all laws pertaining to distributors or wholesale dealers of gaso-

line and to pay all excise taxes and penalties provided for or required by this act for the year for which a permit has been granted.''

By section 10 of this act it is provided that: ''Nothing in this act shall be construed to repeal chapter 319 of the Laws of 1924, or any amendments thereto, or change the operation thereof.''

There is no provision in chapter 319, Laws of 1924, or any amendment thereof, requiring the execution of a bond in aid of the collection of the sea-wall taxes thereby authorized. The only existing requirement that distributors of, and wholesale dealers in, gasoline shall execute a bond conditioned to pay an excise tax on gasoline received in this state for sale or use on the streets or highways, is found in chapter 21, Laws of 1928, Extraordinary Session (section 4787, Code of 1930), and this act requires that the licensee shall execute a bond conditioned that he will fully comply with all laws pertaining to distributors or wholesale dealers of gasoline, and pay all excise taxes and penalties provided for or required by said act for the year for which a permit has been granted. In so far as the payment of excise taxes and penalties is concerned, it will be noted that the requirement is that the bond be conditioned to guarantee the payment of only such taxes and penalties as are provided for or required by said act for the year for which the permit is granted. The bond executed by the appellant was expressly so conditioned. There is no express statutory requirement that distributors and wholesale dealers in gasoline shall execute a bond for the payment of the sea-wall taxes levied on gasoline, and the said chapter 21, Laws of 1928, Extraordinary Session, which requires the execution of a bond conditioned for the payment of the excise taxes levied thereby, expressly provides that nothing therein shall be construed as changing the operation of the said chapter 319, Laws of 1924, or any amendment thereof. We do not think the condition of the bond executed by the

appellant that the licensee should fully comply with the laws pertaining to distributors and wholesale dealers of gasoline, and should pay all excise taxes and penalties provided for by said chapter 21, Laws of 1928, Extraordinary Session, can be extended to cover the sea-wall taxes levied by the board of supervisors of Harrison county under and by authority of said chapter 319, Laws of 1924.

The judgment appealed from will therefore be reversed, and a judgment will be entered here sustaining appellant's demurrer to the declaration and dismissing the cause as to it.

Reversed, and judgment for appellant.